■ S.A.B. Enterprises, Inc., Appellant, v Stewart's Ice Cream Company, Inc., et al., Respondents. [662 NYS2d 614] —Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered November 4, 1996 in Greene County, which denied plaintiff's motion to vacate a prior judgment entered against it.

Plaintiff is a prior owner of certain real property located in the Village of Athens, Greene County. In 1974, defendant County of Greene conducted a tax foreclosure sale with respect to this property and ultimately sold it to defendant Stewart's Ice Cream Company, Inc. Plaintiff thereafter brought an action pursuant to RPAPL article 15 seeking to invalidate the tax sale. At the conclusion of the trial in 1990, a jury determined that the sale was properly conducted and a judgment was rendered in favor of defendants. We subsequently affirmed this judgment on appeal (187 AD2d 875, *lv denied* 81 NY2d 708). In June 1996, approximately six years after the trial, plaintiff moved to vacate the judgment pursuant to CPLR 5015 (a) (2) and (3). Supreme Court denied the motion and plaintiff appeals.

Initially, plaintiff contends that the judgment should be vacated pursuant to CPLR 5015 (a) (2) based upon newly discovered evidence. In particular, plaintiff claims that the tax notices sent to other property owners whose properties were foreclosed upon at the same time as plaintiff's property contain different typeprint, thereby suggesting that the notice sent to plaintiff was fraudulently prepared after the sale. It is well settled that in order to vacate a judgment based upon newly discovered evidence, the movant must establish that the new

evidence, if introduced at trial, would probably have produced a different result and that such evidence could not, despite due diligence, have been discovered in time to move for a new trial under CPLR 4404 (*see, Prote Contr. Co. v Board of Educ.*, 230 AD2d 32, 39; *Gonzalez v Chalpin*, 233 AD2d 367; *Travelers' Ins. Cos. v Howard E. Conrad, Inc.*, 233 AD2d 890, 891-892; *see also,* CPLR 5015 [a] [2]). Such an application is addressed to the trial court's discretion (*see, Rubinow v Harrington*, 194 AD2d 822) and, absent an abuse of that discretion, the court's ruling will not be disturbed (*see, Lehoczky v New York State Elec. & Gas Corp.*, 180 AD2d 994, *appeal dismissed* 80 NY2d 924).

Based upon our review of the record, we find no abuse of discretion in Supreme Court's denial of plaintiff's motion pursuant to CPLR 5015 (a) (2). Plaintiff has been in possession of the subject records since at least 1993, if not earlier, but has failed to set forth a legitimate excuse for its delay until 1996 in making its motion. In addition, because the subject records are of a public nature, they have been available to plaintiff since the date of the sale. Finally, the differences in typeprint appearing on the notices sent to other property owners do not, in our view, establish that the notice sent to plaintiff was fraudulently prepared, especially in view of the affidavit of the County Treasurer, which indicates that different persons using different typewriters prepared the notices which were sent to plaintiff and others during the time period in question. For this reason, we also find that plaintiff has failed to demonstrate fraud or misrepresentation warranting vacatur of the judgment under CPLR 5015 (a) (3).

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.