■ STEPHEN HARBAS, Appellant, v ABBY GILMORE et al., Respondents. [664 NYS2d 921] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered August 20, 1996, which, insofar as appealed from as limited by plaintiff's brief, denied plaintiff's motion to resettle an order, same court and Justice, entered October 21, 1992, dismissing the complaint "with prejudice", and granted defendants' cross motion for injunctive relief and sanctions to the extent of enjoining plaintiff from commencing any civil action related to the termination of his employment with defendants unless he is represented by a lawyer, enjoining plaintiff, even if he is represented by a lawyer, from taking any further action in this lawsuit, and awarding defendants costs of $2,500, unanimously affirmed, with costs. Orders, same court and Justice, entered on or about March 19, 1997, which, insofar as appealed from as limited by plaintiff's briefs, denied plaintiff's motion for retaxation of the judgment awarding defendants sanctions against him and for sanctions against defendants, and directed the Clerk not to accept further motions from plaintiff in this action unless accompanied by prior written permission of a Supreme Court Justice, unanimously affirmed, with costs.

Plaintiff's argument that the IAS Court should have amended the October 21, 1992 order so as to delete the phrase "with prejudice", after that order had been affirmed on appeal (193 AD2d 553), was previously rejected by this Court on the ground that such a change would involve a matter of substance beyond the Court's inherent power of control over its judgments (214

AD2d 440). The motion was typical of a history of making repetitive, meritless motions for the same relief that amply justifies the costs sanction, as well as injunctive relief designed to forestall further vexatious litigation (*see, Gabrelian v Gabrelian*, 108 AD2d 445, 454, *appeal dismissed* 66 NY2d 741). We have considered plaintiff's other contentions and find them to be without merit.

Motion seeking costs pursuant to 22 NYCRR 130-1.1 *et seq.*, and for other related relief granted to the extent of imposing costs of $1,000 for each appeal, for a total of $3,000, payable by plaintiff to defendants jointly. The repetitive, meritless and vexatious litigation tactics employed by plaintiff-appellant are again exhibited on these three appeals. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.