■ CITY OF ALBANY INDUSTRIAL DEVELOPMENT AGENCY, Respondent, v JAGADISH GARG et al., Appellants. [672 NYS2d 541] —Cardona, P. J. Appeal from an order of the Supreme Court (Graffeo, J.), entered March 27, 1997 in Albany County, which denied defendants' motion to vacate the default judgment entered against them.

This appeal arises out of a commercial loan transaction that became unsuccessful when Thruway Investments, a limited

partnership in which defendants Jagadish Garg and Pushpa Garg are the general partners, defaulted on a $500,000 loan made to it by plaintiff in July 1989. In exchange for the loan, Thruway Investments gave plaintiff a third mortgage on its interest in a 99-year ground lease covering property located at 1375 Washington Avenue in the City of Albany, known as the Thruway House Hotel. In addition, the Gargs and defendant P & JG Enterprises, now a defunct corporation of which the Gargs are the principal officers, personally guaranteed payment of the loan.

In 1991, Thruway Investments filed a chapter 11 (11 USC) petition in bankruptcy which was subsequently converted into a chapter 7 (11 USC) proceeding. In connection with the bankruptcy proceeding, the bankruptcy trustee offered the lease for sale and it was purchased by plaintiff and the two senior mortgagees for $25,000, the lease arrears and the release of their secured debts.

Thereafter, plaintiff commenced this action against defendants for summary judgment in lieu of complaint pursuant to CPLR 3213, by notice of motion returnable November 20, 1992, seeking to recover the balance of the debt under the personal guarantee of payment. Following the failure by defendants' attorney to timely respond to the action, judgment was granted against defendants in the amount of $704,570.99, plus costs.* After obtaining new counsel, defendants made application in January 1993 to vacate the judgment. The application was denied due to defendants' failure to comply with the service requirements set forth in the order to show cause. In April 1993, defendants made a second application to vacate the default judgment which was denied for defendant's failure to demonstrate a justifiable excuse for the default. Defendants sought appellate review of the denial of the second application; the appeal, however, was dismissed due to defendants' failure to timely perfect it.

In 1995, plaintiff commenced another action seeking to set aside certain allegedly fraudulent transfers of property by defendants. In the context of that action, defendants again sought to vacate the judgment. The application was denied on the basis that it was improperly brought and, thereafter, defendants filed a notice of appeal but again failed to perfect the appeal. In August 1996, defendants made the instant application to vacate the judgment which was denied by Supreme Court. Defendants appeal.

---

* At oral argument, plaintiff agreed that judgment should have been entered in the amount of $584,729.44 instead of $704,570.99.

Defendants set forth various grounds in support of their present application, namely, excusable default, newly discovered evidence, fraud/misrepresentation and the interest of justice. Their primary contention is that their failure to timely respond to plaintiff's motion for summary judgment in lieu of complaint was attributable to the inaction of their former attorney, who had a substance abuse problem and was subsequently disbarred in February 1994. While the record supports this claim, defendants have not set forth any reason for their failure to timely seek vacatur of the judgment on that basis. The record discloses that defendants were aware of their attorney's substance abuse problem and disbarment as early as August 1994, when they made a motion in this Court for an extension of time to perfect their appeal from Supreme Court's denial of their second application to vacate the judgment. Notably, defendants cited their attorney's conduct as a basis for their request for an extension. Nevertheless, they inexplicably waited two years before making the instant application on the same basis.

With the exception of CPLR 5015 (a) (1) which specifically provides a one-year period for applications to vacate a default judgment based upon excusable default, the law imputes a reasonable time for applications made under CPLR 5015 (a) (2) (newly discovered evidence) and CPLR 5015 (a) (3) (fraud/misrepresentation) (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:3, at 465). Because defendants waited more than one year after the entry of the default judgment before bringing the instant application, they are not entitled to vacatur pursuant to CPLR 5015 (a) (1) (see, Hasselt v Allen, 178 AD2d 266, 267; Matter of Abbott v Conway, 148 AD2d 909, 910-911, lv denied 74 NY2d 608). In addition, given defendants' two-year delay in making the present application after learning of their attorney's disbarment as well as their failure to provide any excuse for the delay, we conclude that defendants have failed to seek vacatur of the judgment under CPLR 5015 (a) (2) or (3) within a reasonable time (see, e.g., S.A.B. Enters. v Stewart's Ice Cream Co., 242 AD2d 845, 846, lv dismissed 91 NY2d 848). Furthermore, there is no basis in this record for vacating the judgment in the interest of justice. Therefore, we decline to disturb Supreme Court's order (see, Savago v Payne, 170 AD2d 850, 851). We have considered defendants' remaining contentions and find them to be either unpreserved for our review or lacking in merit.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.