■ GREEN POINT SAVINGS BANK, Respondent, v MICHAEL ARNOLD, Appellant. [688 NYS2d 595] —In a mortgage foreclosure action, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated January 16, 1998, which denied his motion, *inter alia,* to vacate a judgment of foreclosure and sale of the same court (Dunkin, J.), dated April 26, 1993, entered upon his default in appearing.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion, *inter alia,* to vacate the judgment of foreclosure and sale entered upon his default in appearing. To the extent that the motion was made pursuant to CPLR 5015 (a) (3), such a motion must be made within a reasonable time (*see, City of Albany Indus. Dev. Agency v Garg,* 250 AD2d 991; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:3, at 465). In the instant case, the defendant waited until almost four years had

elapsed from the time that he was served with a copy of the judgment with notice of entry. Thus, his motion was not made within a reasonable time (*see, City of Albany Indus. Dev. Agency v Garg, supra*). To the extent that the motion was made pursuant to CPLR 5015 (a) (1), it was not timely (*see, City of Albany Indus. Dev. Agency v Garg, supra*). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.