■ GOOD OLD DAYS TAVERN, INC. v ZWIRN [691 NYS2d 759] —Motions for leave to appeal to the Court of Appeals and reargument denied; cross-motion for sanctions granted to the extent of directing defendants to pay $1,000 to plaintiff Day as reimbursement for his costs in connection with opposing defendants' frivolous motions.

As owner and sole shareholder of the corporate plaintiff Good Old Days Tavern, Inc., Franklin Day retained defendant Gerard Zwirn, Esq. in connection with a bankruptcy proceeding. Allegedly, Zwirn's negligence caused Day to lose his business. The corporation's malpractice claim became part of the bankruptcy estate. Significantly, the judicial sale of the bankruptcy assets was not publicly advertised; only the parties in interest, including Zwirn, received notice. Just as Day was about to repurchase the tavern's malpractice claim against Zwirn, defendant Joseph Fischer arrived and outbid him by $50. He represented to the court that he had happened to see the sale advertised while in the courthouse on other business. In actuality, Fischer was the office-mate of defendant Ernest H. Hammer, Esq. who was Zwirn's own attorney. Not surprisingly, Fischer did not pursue the claim he had acquired, and the claim has since been lost through laches. Thus, defendants successfully colluded to insulate Zwirn from the corporate plaintiff's malpractice claim, by taking advantage of the very bankruptcy which Zwirn allegedly caused through negligence.

This Court upheld the denial of defendants' motion for summary judgment, and reinstated the individual plaintiff's malpractice claim (Good Old Days Tavern v Zwirn, 251 AD2d 300). Defendants then made the instant motions for reargument and leave to appeal. A number of their arguments, which were raised and properly rejected on appeal, are so patently meritless as to be sanctionable, particularly in light of their bad faith conduct.

In arguing that plaintiff lacks standing to sue for malpractice on his own behalf, defendants conveniently disregard their own responsibility for the unusual procedural posture of this case. Defendants were the ones who arranged for the corporation's rights to be purchased by one who not only lacked inter-

est in vindicating them, but whose apparent objective was to prevent their vindication. Moreover, as we found, Day's relationship with Zwirn was tantamount to one of contractual privity (*Town Line Plaza Assocs. v Contemporary Props.*, 223 AD2d 420).

Similarly, defendants' motion papers once again raise the baseless claim that plaintiff's malpractice, fraud and breach of fiduciary duty claims are barred by res judicata and collateral estoppel, though defendants know that these claims were not even litigated before the Bankruptcy Court. In fact, when plaintiff attempted to litigate the malpractice and related claims before the Bankruptcy Court, that court found it had no jurisdiction over these claims and sent them back to State court. Defendants should have been well aware that there was no basis for the res judicata and collateral estoppel arguments to which they devoted so many pages of their appellate briefs and their present motion papers.

22 NYCRR 130-1.1 permits this Court to impose sanctions, costs and attorneys' fees on a party who engages in frivolous conduct, such as advancing arguments completely lacking in legal merit, or misusing legal procedures to delay resolution of the litigation and harass the other party. A party may cross-move for sanctions in opposition to a motion for reargument (*Business Prods. Corp. v Mita Copystar Am.*, 248 AD2d 217, *lv denied* 92 NY2d 811). Accordingly, defendants are ordered to pay $1,000 to plaintiff Day to compensate for his costs in opposing these frivolous motions for reargument and leave to appeal. Concur—Rosenberger, J. P., Wallach, Rubin and Andrias, JJ.