■ Anita Lobel, Respondent, v Allstate Insurance Company, Appellant. [704 NYS2d 488] —In an action, *inter alia,* to recover no-fault benefits pursuant to a policy of automobile insurance, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered March 31, 1999, as denied its motion to dismiss the complaint pursuant to, *inter alia,* CPLR 3211 (a) (5).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant moved to dismiss the cause of action to recover no-fault benefits on the ground that it was barred by a prior arbitration proceeding between the plaintiff's assignee and the defendant, which resulted in a determination that there was no causal connection between the plaintiff's lower back condition and the subject automobile accident. The defendant demonstrated that the issue in the arbitration proceeding was identical to and decisive of this cause of action. The plaintiff failed to establish the absence of a full and fair opportunity to litigate the issue in the prior matter *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 501). Accordingly, the first cause of action should have been dismissed pursuant to CPLR 3211 (a) (5).

Since the denial of no-fault benefits was proper, the plaintiff's second cause of action, to recover consequential damages, must also be dismissed *(see, Korona v State Wide Ins. Co.,* 122 AD2d 120). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.