■■ STEVEN F. MILLER, JR., Respondent-Appellant, v CARL LANZISERA, Appellant-Respondent. (Appeal No. 1.) [709 NYS2d 286] —Order unanimously affirmed with costs to plaintiff. Memorandum: Plaintiff, a former employee of a now-defunct securities company that was owned and operated by defendant, commenced an arbitration proceeding against the company in 1989. He alleged, *inter alia*, that the company converted approximately $17,000 from a cash account owned by plaintiff and of which defendant was the trustee. Plaintiff sought to add defendant in his individual capacity as a party to the arbitration proceeding, but defendant objected and the arbitration panel denied plaintiff's request. The arbitration panel determined, *inter alia*, that plaintiff was entitled to recover the $17,000, and plaintiff then commenced an action in Supreme Court alleging that defendant was personally liable for the conversion of the $17,000. Plaintiff moved to compel defendant to appear

for a deposition, and defendant cross-moved for summary judgment dismissing the complaint based on, *inter alia*, arbitration and award, collateral estoppel, res judicata and lack of jurisdiction. By order dated April 12, 1990 (1990 order), the court granted plaintiff's motion and denied defendant's cross motion. Defendant filed a notice of appeal from the 1990 order and thereafter moved to resettle the 1990 order and to compel arbitration. The record does not contain an order disposing of those two motions and, according to defendant, the court never decided those motions.

Defendant neither perfected his appeal from the 1990 order nor complied with its terms, and plaintiff again moved to compel defendant to appear for a deposition. By order dated October 7, 1991, the court granted plaintiff's motion, directing that the failure of defendant to appear for a deposition would result in the striking of his answer and a judgment by default, both without further notice. Defendant failed to appear for the deposition and, on November 7, 1991, judgment was entered against defendant.

Defendant did not appeal from the judgment but in February 1999 moved to vacate the judgment and stay its execution. Plaintiff cross-moved for an order imposing monetary sanctions and precluding defendant from filing any further motions or proceedings in connection with the judgment. The court denied defendant's motion and granted that part of plaintiff's cross motion seeking to preclude defendant from filing further motions or proceedings. Defendant appeals and plaintiff cross-appeals.

We reject the contention of defendant that the court's alleged failure to decide his motions in 1990 to resettle the order and to compel arbitration warrants vacatur of the judgment. Pursuant to CPLR 2219 (a), an order determining a motion shall be made within 60 days after the motion is submitted for decision. Even assuming that the court failed to comply with CPLR 2219 (a), we conclude that the appropriate procedural vehicle to address such a failure would have been a CPLR article 78 proceeding to compel the court to render a decision on the motions (*see generally, Matter of Goldman v Seidell*, 234 AD2d 547).

We further reject the contention of defendant that his then attorney was precluded from perfecting the appeal from the 1990 order due to the court's alleged failure to decide the motion to resettle that order. "The purpose of resettlement is to revise an order to reflect the court's decision * * * Resettlement is not to be used to effect a substantive change in or to

amplify the decision of the court" (*Barretta v Webb Corp.*, 181 AD2d 1018, *lv dismissed* 80 NY2d 892). It does not appear from the record that, in seeking resettlement, defendant contended that the 1990 order did not substantively reflect the court's decision, and thus "the time to appeal [was] measured from the original order" (*Matter of Kolasz v Levitt*, 63 AD2d 777, 779).

Defendant further contends that the judgment should be vacated on the ground that the court lacked jurisdiction by reason of the res judicata and collateral estoppel effect of plaintiff's arbitration proceeding. We disagree. Plaintiff sought to add defendant in his individual capacity as a party to the arbitration proceeding, but defendant objected and plaintiff's request was denied. Thus, the issue of defendant's personal liability for the monies taken from plaintiff's account was not litigated in the arbitration proceeding and, therefore, the principles of res judicata and collateral estoppel do not apply to bar this action (*see generally*, *Good Old Days Tavern v Zwirn*, 261 AD2d 288, 289; *CRK Contr. v Brown & Assocs.*, 260 AD2d 530, 531; *cf.*, *Jacobs v Guido*, 268 AD2d 278).

We reject the contention of defendant that the judgment should be vacated on the ground that it was procured by fraudulent means. Pursuant to CPLR 5015 (a) (3), the court may grant a party relief from a judgment or order upon the ground of fraud, misrepresentation or other misconduct of an adverse party. "However, where the default [judgment] is predicated upon CPLR 3126, an appeal of that * * * judgment is the proper and sole remedy for the defaulting party" (*Pinapati v Pagadala*, 244 AD2d 676, 677; *see generally*, *Tony's Ornamental Iron Works v National Bldg. & Restoration Corp.*, 237 AD2d 909). Here, the striking of defendant's answer and the entry of a default judgment in favor of plaintiff was predicated on the failure of defendant to comply with an order compelling his appearance at a deposition (*see*, CPLR 3126 [3]). Thus, defendant is not entitled to relief under CPLR 5015 (a) (3). Even assuming that a motion pursuant to CPLR 5015 is proper, we conclude that defendant is not entitled to relief thereunder because he offered nothing more than broad, unsubstantiated allegations of fraud on the part of plaintiff (*cf.*, *Yip v Ip*, 229 AD2d 979). Furthermore, "[t]o the extent that [a] motion [to vacate a judgment] was made pursuant to CPLR 5015 (a) (3), such a motion must be made within a reasonable time" (*Green Point Sav. Bank v Arnold*, 260 AD2d 543). Here, defendant's motion was made over seven years later.

Defendant contends that the court erred in precluding him

from filing further motions or proceedings in connection with the judgment in the absence of a finding by the court that defendant engaged in frivolous conduct. No such finding is required in the absence of a monetary sanction (*see*, 22 NYCRR 130-1.2). In any event, it is permissible for the court to order "injunctive relief designed to forestall further vexatious litigation" (*Harbas v Gilmore*, 244 AD2d 218, 219) or "to prevent use of the judicial system as a vehicle for harassment, ill will and spite" (*Matter of Sud v Sud*, 227 AD2d 319). We have examined defendant's remaining contentions and conclude that they are without merit.

Contrary to the contention of plaintiff on his cross appeal, the court did not err in refusing to impose monetary sanctions against defendant, a *pro se* litigant (*see generally*, *Matter of Boyle v Woodstock*, 257 AD2d 702, 705; *Matter of Buhrmeister v McFarland*, 235 AD2d 846, 848). (Appeals from Order of Supreme Court, Onondaga County, Nicholson, J.—Vacate Judgment.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.