■ CARL LANZISERA, Appellant-Respondent, v STEVEN F. MILLER, JR., Respondent, and TERRENCE J. HOFFMAN, ESQ., et al., Respondents-Appellants, et al., Defendants. [735 NYS2d 282] —Order unanimously affirmed with costs to defendants. Memorandum: Supreme Court properly granted the motion of Terrence J. Hoffman, Esq., Terrence J. Hoffman, and Hoffman, Hubert & Hoffman, L. L. P. (defendants) to the extent that they sought summary judgment dismissing the amended complaint in this declaratory judgment action based on collateral estoppel (*see,* CPLR 3211 [a] [5]). Defendants contended, *inter alia,* that the amended complaint is barred by the award made in an arbitration proceeding brought by plaintiff in 1993. Defendants "demonstrated that the issue in the arbitration proceeding was identical to and decisive of" the issue raised in this action and "plaintiff failed to establish the absence of a full and fair opportunity to litigate the issue in the prior matter" (*Lobel v Allstate Ins. Co.,* 269 AD2d 502; *see, Ryan v New York Tel. Co.,* 62 NY2d 494, 501-502). In light of our determination, we do not address the remaining bases for the court's dismissal of the amended complaint.

We reject the contention of plaintiff that defendants' failure to serve him with an amended notice of motion seeking dismissal of the amended complaint pursuant to CPLR 3211 deprived him of due process. Defendants initially moved for summary judgment dismissing the complaint on several grounds, including collateral estoppel (*see*, CPLR 3211 [a] [5]). Plaintiff opposed the motion and cross-moved for leave to amend the complaint. Defendants did not oppose plaintiff's cross motion, accepted service of the amended complaint, and asked the court to treat the summary judgment motion as a motion to dismiss the amended complaint pursuant to CPLR 3211. Plaintiff "was fully apprised of the nature of the motion and had every opportunity to contest it" and thus "cannot claim any prejudice as a result" of defendants' failure to serve an amended notice of motion (*Bennett v First Natl. Bank*, 146 AD2d 882, 885). We have examined plaintiff's remaining contention and conclude that it is without merit.

We reject the contention of defendants on their cross appeal that the court erred in refusing to grant that part of their motion seeking monetary sanctions against plaintiff, a *pro se* litigant (*see*, *Miller v Lanzisera*, 273 AD2d 866, 869, *lv dismissed* 95 NY2d 887, *rearg denied* 96 NY2d 731). (Appeals from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.