■ JOHN T. RICHARDSON, Respondent, v GLADYS RICHARDSON, Appellant. [765 NYS2d 388] —In an action, inter alia, for a judgment declaring the plaintiff to be the sole owner of certain real property, the defendant appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated October 22, 2001, as denied that branch of her cross motion which was to vacate a judgment of the same court (McCarthy, J.), dated August 16, 1989, entered upon her default in answering.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent (hereinafter the former husband) and the defendant (hereinafter the former wife) were divorced in 1979 pursuant to a judgment which, among other things, called for the former marital residence to be sold when their youngest child attained the age of 18. In 1981 the parties allegedly entered into a written agreement pursuant to which the former wife agreed to convey her interest in the former marital residence to the former husband. The former wife received $4,000 at that time, and executed a document she later claimed was a loan acknowledgment. In 1988, when the former husband was unable to obtain refinancing, he tendered a deed to the former wife which she declined to execute.

The former husband commenced the instant action in 1989, inter alia, for a judgment declaring him to be the sole owner of the property. The former wife admittedly was served but failed

to answer and, following an inquest, the court entered a judgment declaring the former husband to be the sole owner. In 2001 the former husband requested issuance of a sheriff's deed in order to facilitate his sale of the property to a third party, and the former wife cross-moved to vacate her default pursuant to CPLR 5015 (a) (3) on the ground of fraud, misrepresentation, or other misconduct. The Supreme Court denied the motion.

The former wife contends that she was not properly served with notice of the inquest in 1989 because the zip code was missing from her address in the letter transmitting the notice and in an affidavit of service prepared by the former husband's attorney. This contention is without merit (*see Donohue v La Pierre,* 99 AD2d 570 [1984]; *Brownell v Feingold,* 82 AD2d 844 [1981]; *see also Peters v National R.R. Passenger Corp.,* 966 F2d 1483, 1487 [1992]; *Pimentel v U.S. Drug Enforcement Admin.,* 99 F Supp 2d 420, 426 [2000]; *E & H Partners v Broadway Natl. Bank,* 39 F Supp 2d 275, 282 [1998]), and the Supreme Court properly denied her cross motion to set aside the default judgment on that basis.

A motion to vacate a judgment pursuant to CPLR 5015 (a) (3) must be made within a reasonable time (*see Miller v Lanzisera,* 273 AD2d 866, 868 [2000]; *Green Point Sav. Bank v Arnold,* 260 AD2d 543 [1999]). The former wife concedes that she received the summons and complaint in 1989 and she did not move to vacate her default until 12 years later. Under the circumstances, this delay was unreasonable and supports the denial of her cross motion.

In light of our determination, we need not reach the parties' remaining contentions. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.