(December 12, 2005)

◼ AAMES CAPITAL CORPORATION, Respondent, v JOHN DAVID-SOHN, Appellant, et al., Defendants. [808 NYS2d 229]—

In an action to foreclose a mortgage, the defendant John Davidsohn appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 12, 2004, which denied his motion to vacate a judgment of foreclosure and sale of the same court entered March 5, 1998, upon his default in appearing.

Ordered that the order is affirmed, with costs.

As the appellant did not attempt to argue that his default in appearing in the action was excusable, we view his motion to vacate the judgment as having been made pursuant to CPLR 5015 (a) (3), which provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just . . . upon the ground of . . . fraud, misrepresentation, or other misconduct of an adverse party." Although there is no express time limit for seeking relief from a judgment pursuant to CPLR 5015 (a) (3), a party is required to make the motion within a reasonable time (*see Richardson v Richardson*, 309 AD2d 795, 796 [2003]; *Miller v Lanzisera*, 273 AD2d 866, 868 [2000]; *Green Point Sav. Bank v Arnold*, 260 AD2d 543 [1999]; *City of Albany Indus. Dev. Agency v Garg*, 250 AD2d 991, 993 [1998]). Here, the appellant's delay of more than five years after entry of the judgment of foreclosure and sale in moving to vacate the judgment was unreasonable.

In any event, even without considering the appellant's laches, he was not entitled to relief "because he offered nothing more than broad, unsubstantiated allegations of fraud on the part of [the] plaintiff" (*Miller v Lanzisera, supra* at 868). Cozier, J.P., Ritter, Goldstein and Lifson, JJ., concur.