■ In the Matter of CHARLES ROBERT, Appellant, v JAMES H. O'MEARA, Respondent. [813 NYS2d 736]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Roberto, J.), entered September 9, 2004, as granted the cross motion of James H. O'Meara for a permanent injunction, among other things, enjoining the petitioner from commencing any further actions or proceedings that seek to obtain documents or proof that attorneys employed by the State of New York, or it agencies or departments, have engaged in a course of conduct designed to frustrate compliance with the decision in *Navarro v Sullivan* (751 F Supp 349 [1990]).

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*; hereinafter FOIL), the petitioner, Charles Robert, sought certain documents from the New York State Department of Health (hereinafter the DOH). Although the DOH asserted that there were no responsive documents, the petitioner nevertheless brought this CPLR article 78 proceeding seeking production of the documents.

The doctrine of collateral estoppel, or issue preclusion, bars the relitigation of issues that have been actually litigated and necessarily decided in a prior proceeding (*see DePaul v Bleakley, Platt & Schmidt,* 266 AD2d 495 [1999]). To invoke the doctrine, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (*see D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664 [1990]; *Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276 [1988], *cert denied* 488 US 1005 [1989]; *Ryan v New York Tel. Co.,* 62 NY2d 494, 500-502 [1984]; *DePaul v Bleakley, Platt & Schmidt, supra*; *Sun Ins. Co. of N.Y. v Hercules Sec. Unlimited,* 195 AD2d 24, 31 [1993]). Here, the Supreme Court properly invoked the doctrine, as the issues decisive of the instant proceeding actually had been litigated and necessarily decided in a prior proceeding.

Further, although public policy generally mandates free access to the courts (*see Matter of Shreve v Shreve,* 229 AD2d 1005 [1996]; *Sassower v Signorelli,* 99 AD2d 358, 359 [1984]), courts have imposed injunctions barring parties from commencing any further litigation where those parties have engaged in continuous and vexatious litigation (*see Melnitzky v Apple Bank for Sav.,* 19 AD3d 252 [2005]; *Miller v Lanzisera,* 273 AD2d 866, 868 [2000]). Given the petitioner's past litigation history with the DOH, as well as with other state agencies, and given his stated intention to continue filing FOIL requests, the Supreme Court properly issued such an injunction (*see Harbas v Gilmore,* 244 AD2d 218, 219 [1997]).

The petitioner's remaining contentions are without merit. Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.