■ ELAINE MARTIN, Appellant, v GEICO DIRECT INSURANCE, Respondent. [818 NYS2d 265]—

In an action, inter alia, to recover no-fault benefits pursuant to a policy of automobile insurance, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated July 14, 2005, which denied her motion, in effect, for summary judgment, and granted the defendant's cross motion to dismiss the action pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, without costs or disbursements.

The doctrine of collateral estoppel bars a party from "relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party"

(*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). To invoke the doctrine, the identical issue must have been decided in the prior action or proceeding, and be decisive of the present action, and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Matter of Robert v O'Meara*, 28 AD3d 567 [2006]).

Contrary to the plaintiff's contention, the Supreme Court properly denied her motion, in effect, for summary judgment and granted the defendant's cross motion to dismiss the action pursuant to CPLR 3211 (a) (5) on the ground that it was barred by a prior arbitration award. The defendant demonstrated that the issues raised in the prior arbitration proceeding, in which the plaintiff challenged the denial on August 8, 2000, of her claim for further no-fault benefits, were identical to and decisive of her present cause of action. In opposition to the cross motion, the plaintiff failed to sustain her burden of demonstrating that she did not have a full and fair opportunity to litigate issues relating to the August 8, 2000 denial of benefits at the prior arbitration proceeding. Accordingly, the court properly gave collateral estoppel effect to the arbitrator's determination (*see Clemens v Apple*, 65 NY2d 746 [1985]; *Lobel v Allstate Ins. Co.*, 269 AD2d 502 [2000]; *Barnett v Ives*, 265 AD2d 865 [1999]). Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.