■ PAWEL CZERNICKI, Appellant, v MAREK LAWNICZAK, Respondent. [835 NYS2d 918]—

In an action pursuant to RPAPL article 9 for the partition of real property, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (M. Garson, J.), dated October 18, 2004, which, inter alia, denied that branch of his cross motion pursuant to CPLR 5015 (a) (3) which was to vacate an order of the same court (Alfano, J.H.O.) dated September 11, 2000, granting the defendant's motion to vacate a judgment of the same court (Belen, J.) entered November 20, 1998, which, upon the defendant's default in answering the complaint or appearing in the action, was in favor of the plaintiff and against the defendant, directing the removal the defendant's name from the deed to the real property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff unreasonably delayed making his cross motion pursuant to CPLR 5015 (a) (3) to vacate the order dated September 11, 2000, granting the defendant's motion to vacate a default judgment (see *Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]; *Green Point Sav. Bank v Arnold*, 260 AD2d 543, 544 [1999]). Furthermore, the plaintiff failed to establish that the defendant procured the vacatur of the default judgment by fraud, misrepresentation, or other misconduct (see CPLR 5015 [a] [3]; *Citicorp Vendor Fin., Inc. v Island Garden Basketball, Inc.*, 27 AD3d 608, 609 [2006]). Accordingly, the

Supreme Court providently exercised its discretion in denying the plaintiff's cross motion.

The plaintiff's remaining contentions are without merit. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.