■ JAMES P. McGEE et al., Respondents, v J. DUNN CONSTRUCTION CORP. et al., Appellants. [864 NYS2d 167]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated May 11, 2007, as denied that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the plaintiffs are not precluded from maintaining this action by virtue of the resolution of their consumer complaint by the Dutchess County Department of Consumer Affairs. Although a determination by an administrative agency may have preclusive effect (*see Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276-277 [1988], *cert denied* 488 US 1005 [1989]; *D'Angelo v State Ins. Fund*, 48 AD3d 400, 401-402 [2008]), the doctrine of collateral estoppel bars relitigation of only those issues which were "actually litigated and necessarily decided" in the prior proceeding (*Matter of Robert v O'Meara*, 28 AD3d 567, 568 [2006]; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349-350 [1999];

*Martin v Geico Direct Ins.*, 31 AD3d 505, 506 [2006]). Here, the Dutchess County Department of Consumer Affairs determined only that it did not have jurisdiction to grant the relief requested by the plaintiffs. Since that decision did not address the merits of the dispute, the Supreme Court correctly concluded that it did not preclude the claims made by the plaintiff in this action. Accordingly, that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) was properly denied.

We decline to impose a sanction pursuant to 22 NYCRR 130-1.1 (a) as requested by the defendants, since the plaintiffs have not engaged in "frivolous conduct" as defined in that provision. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.