■ COMPREHENSIVE MEDICAL CARE OF NEW YORK, P.C., Respondent, v ARIC HAUSKNECHT, Appellant. [865 NYS2d 692]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated January 12, 2007, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of collateral estoppel.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground of collateral estoppel is granted.

The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue that was clearly raised in a prior action or proceeding and decided

against that party (*see Buechel v Bain,* 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343, 349 [1999]; *Ryan v New York Tel. Co.,* 62 NY2d 494, 500 [1984]). In order to invoke the doctrine, the identical issue must necessarily have been decided in the prior action or proceeding and be decisive of the present action or proceeding, and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (*see Buechel v Bain,* 97 NY2d at 303-304; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d at 349; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664 [1990]).

The defendant met his burden of establishing that the issue raised herein was necessarily decided in a prior arbitration and related proceedings (*see Martin v Geico Direct Ins.,* 31 AD3d 505, 506 [2006]; *Lobel v Allstate Ins. Co.,* 269 AD2d 502 [2000]), while the plaintiff failed to sustain its burden of demonstrating that it lacked a full and fair opportunity to contest the issue in those proceedings (*see Martin v Geico Direct Ins.,* 31 AD3d at 506; *Lobel v Allstate Ins. Co.,* 269 AD2d at 502; *cf. Hughes v Gibson Courier Servs. Corp.,* 218 AD2d 684, 685 [1995]). Accordingly, the Supreme Court erred in determining that the instant action was not barred by the doctrine of collateral estoppel (*see Lobel v Allstate Ins. Co.,* 269 AD2d at 502; *see also Hibbert v Avwontom,* 35 AD3d 813, 814 [2006]; *Lanzisera v Miller,* 289 AD2d 1015 [2001]).

In view of our determination, we need not reach the defendant's remaining contentions. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur. [*See* 14 Misc 3d 1216(A), 2007 NY Slip Op 50041(U).]