■ ANDREW MARK, Individually, as a Shareholder of SMART TONE, INC., on Behalf of ALL SHAREHOLDERS OF SMART TONE, INC., Similarly Situated, and in the Right of SMART TONE, INC., Appellant, v H.F. LENFEST et al., Respondents. [914 NYS2d 141]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered August 14, 2009, which, insofar appealed from as limited by the briefs, denied plaintiff's motion pursuant to CPLR 5015 (a) (3) to vacate an order, same court (Ira Gammerman, J.), entered February 28, 2003, granting defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

A CPLR 5015 (a) (3) motion must be brought within a reasonable time (*see e.g. Sieger v Sieger*, 51 AD3d 1004, 1006 [2008], *appeal dismissed* 14 NY3d 750 [2010]). Because there is a "policy favoring the finality of judgments" (*Greenwich Sav. Bank v JAJ Carpet Mart*, 126 AD2d 451, 453 [1987]), we reject plaintiff's argument that the statute of limitations for a de novo fraud action (*see* CPLR 213 [8]) should be imported into CPLR 5015 (a) (3).

The record reflects that plaintiff knew about defendants' alleged fraud no later than November 20, 2003. On February 24, 2005, he brought a separate action claiming that defendants in this action had committed fraud on the court (the *Comcast* action). However, he did not bring this CPLR 5015 (a) (3) motion until October 2007, almost four years after he allegedly discovered the fraud, and more than 4¹/₂ years after the February 2003 dismissal. This is clearly not a reasonable time (*see Green Point Sav. Bank v Arnold*, 260 AD2d 543 [1999]; *City of Albany Indus. Dev. Agency v Garg*, 250 AD2d 991, 993 [1998]).

It was not an improvident exercise of the motion court's discretion (*see Greenwich Sav. Bank v JAJ Carpet Mart*, 126 AD2d at 452) to deem plaintiff's 14-month delay in bringing the *Comcast* action unreasonable, especially since there is no evidence explaining why it took him 14 months to obtain advice from new counsel (*see City of Albany Indus. Dev. Agency v Garg*, 250 AD2d at 993 [party's failure to provide excuse for delay constitutes additional grounds for finding that a CPLR 5015 (a) (3) motion was not made within a reasonable time]).

Finally, we note that this is plaintiff's fourth attempt at

litigating essentially the same dispute that was resolved unfavorably to him over seven years ago. The record is replete with plaintiff's contradictory positions asserted in a series of filings over the years. On the third such action, Supreme Court sanctioned both plaintiff and his counsel. The sanctions for "frivolous conduct" were affirmed in 2009 by this Court. The instant appeal is no less frivolous. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.