In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 21, 2011, which denied her motion, in effect, pursuant to CPLR 5015 (a) (3) to vacate an order of reference of the same court dated February 16, 2011, entered upon her default in answering the complaint, and to dismiss the complaint.
Ordered that the order dated December 21, 2011, is affirmed, with costs.
The defendant moved, in effect, pursuant to CPLR 5015 (a) (3) to vacate an order of reference entered upon her default in answering the complaint, and to dismiss the complaint. The defendant argued that the plaintiff lacked standing to commence the foreclosure action based upon an alleged fraudulent assignment and other related documents. The Supreme Court denied the motion, and the defendant appeals.
The defendant failed to make a showing that the plaintiff engaged in the type of fraud or misconduct that would warrant vacatur of the order of reference pursuant to CPLR 5015 (a) (3) (see U.S. Bank N.A. v Tate, 102 AD3d 859 [2013]; Deutsche Bank Natl. Trust Co. v Hunter, 100 AD3d 810 [2012]; Bank of N.Y. v Stradford, 55 AD3d 765, 766 [2008]; Aames Capital Corp. v Davidsohn, 24 AD3d 474, 475 [2005]).
The defendant’s remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant’s motion, in effect, pursuant to CPLR 5015 (a) (3) to vacate her default, and to dismiss the complaint. Skelos, J.P., Dillon, Hall and Miller, JJ., concur.