■ In the Matter of the Estate of JOHN McLAUGHLIN, Deceased. JOHN M. THOMAS, as Administrator of the Estate of JOHN McLAUGHLIN, Deceased, Respondent; NINA SAVINO, Appellant. [975 NYS2d 512]—

Peters, P.J. Appeal from an order of the Surrogate's Court of Broome County (Buckley, S.), entered August 1, 2012, which sua sponte denied Nina Savino's motion to, among other things, vacate a prior decision finding her ineligible to be coexecutor of decedent's estate.

In June 2005, decedent executed a will that named Nina Savino as a coexecutor of his estate. Following decedent's death, his will was offered for probate and temporary letters of administration were issued to petitioner. Thereafter, Michael McLaughlin, one of decedent's sons and beneficiaries, filed an objection to the appointment of Savino as coexecutor on the basis that she is ineligible to receive letters testamentary because of her status as a felon (*see* SCPA 707 [1] [d]). At a hearing to determine the qualifications of the nominated coexecutors, at which Savino appeared pro se, Sean McLaughlin, another of decedent's sons and beneficiaries, submitted a certification of criminal record establishing that Savino was convicted of three counts of grand theft in California in 1985, which is the equivalent of three felony convictions of grand larceny in New York (*see* Penal Law § 155.30 [1]; Cal Penal Code §§ 484, 487). At the conclusion of the hearing, Surrogate's Court granted the

objection and disqualified Savino as coexecutor of decedent's estate. Decedent's will was subsequently admitted to probate and petitioner was appointed administrator c.t.a. of the estate.

Over six years later, Savino moved pro se to vacate and set aside Surrogate's Court's decision disqualifying her as coexecutor and all other subsequently entered orders on the grounds of fraud and misrepresentation (see CPLR 5015 [a] [3]). Savino also sought sanctions against Sean McLaughlin, Michael McLaughlin and their respective counsel pursuant to 22 NYCRR 130-1.1 (c) (3), alleging that they, among other things, asserted false material factual statements to the court concerning her criminal history. Surrogate's Court sua sponte denied the motion without a hearing. Savino appeals, and we affirm.

A motion to vacate pursuant to CPLR 5015 must be made within "a reasonable time" (City of Albany Indus. Dev. Agency v Garg, 250 AD2d 991, 993 [1998]; see HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 976 [2013], lv dismissed 21 NY3d 956 [2013]) and "is addressed to the trial court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (Maddux v Schur, 53 AD3d 738, 739 [2008]; see Pritchard v Curtis, 101 AD3d 1502, 1503 [2012]; Solomon v Solomon, 27 AD3d 988, 989 [2006]). Here, Savino was present at the hearing during which the alleged misrepresentations were made concerning her prior criminal convictions, but nevertheless failed to move to vacate Surrogate's Court's decision disqualifying her as coexecutor until more than six years later. Accordingly, her motion was not made within a reasonable time and was therefore properly denied (see HSBC Bank USA, N.A. v Ashley, 104 AD3d at 976; Sieger v Sieger, 51 AD3d 1004, 1006 [2008], appeal dismissed 14 NY3d 750 [2010], lv denied 14 NY3d 711 [2010]; Rizzo v St. Lawrence Univ., 24 AD3d 983, 984 [2005]; City of Albany Indus. Dev. Agency v Garg, 250 AD2d at 993). In any event, her allegations of fraud or other misconduct on the part of Sean McLaughlin, Michael McLaughlin and their respective attorneys are unsupported by the record (see Bank of N.Y. v Stradford, 55 AD3d 765, 765-766 [2008]; Rizzo v St. Lawrence Univ., 24 AD3d at 984; Aames Capital Corp. v Davidsohn, 24 AD3d 474, 475 [2005]). For this same reason, the court did not abuse or improvidently exercise its discretion in declining to impose sanctions (see 22 NYCRR 130-1.1 [c] [3]; Academy of Medicine of Queens County v Seminole 75 Realty Corp., 38 AD3d 693, 697 [2007]). Accordingly, Savino's motion was properly denied in all respects.

McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.