Shahid v Ridgewood Bushwick Senior Citizens Council, Inc. (2020 NY Slip Op 01659)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Shahid v Ridgewood Bushwick Senior Citizens Council, Inc.

2020 NY Slip Op 01659

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-06480
(Index No. 6351/16)

[*1]Abdus Shahid, appellant, 
vRidgewood Bushwick Senior Citizens Council, Inc., et al., respondents.

Abdus Shahid, Brooklyn, NY, appellant pro se.
Lazarus, Karp & Kalamotousakis, LLP, New York, NY (Charles J. Seigel of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated May 19, 2017. The order granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211(a)(7), for summary judgment on their counterclaims for damages arising from the plaintiff's alleged abuse of process, and to enjoin the plaintiff from commencing any new action or proceeding against any of the defendants without prior leave of court.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants, inter alia, to recover damages for fraud. The plaintiff alleged that the defendants, in a prior lawsuit, had fraudulently conspired with a New York City housing inspector to file false housing violations against him. The plaintiff further alleged that the defendants fraudulently required him to pay certain repair costs in violation of a prior court order.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, for summary judgment on their counterclaims for damages for abuse of process, and to enjoin the plaintiff from commencing any new action or proceeding against any of them without prior leave of court. The Supreme Court granted those branches of the defendants' motion, and the plaintiff appeals.
We agree with the Supreme Court's granting of that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. "The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages. A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [citation omitted]). Here, the plaintiff failed to state a cause of action for fraud or any other cognizable cause of action in his complaint.
The Supreme Court did not improvidently exercise its discretion in enjoining the [*2]plaintiff from commencing any new action or proceeding against any of the defendants without prior leave of the court, as the evidence indicated that the plaintiff was engaging in "vexatious litigation" (Matter of Robert v O'Meara, 28 AD3d 567, 568; see Melnitzky v Apple Bank for Sav., 19 AD3d 252, 252-253; Miller v Lanzisera, 273 AD2d 866, 868-869).
The plaintiff's remaining contention is without merit.
DILLON, J.P., BALKIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court