Matter of IGS Realty Co. L.P. v Brady (2025 NY Slip Op 06786)

Matter of IGS Realty Co. L.P. v Brady

2025 NY Slip Op 06786

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 159554/17|Appeal No. 5280|Case No. 2025-00908|

[*1]In the Matter of IGS Realty Co. L.P., Doing Business as IGS Realty Co. Petitioner-Respondent,
v
James H. Brady, Respondent-Appellant.

James H. Brady, appellant pro se.
Sheindlin Law Firm, New York (Gregory Sheindlin of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about January 22, 2025, which (i) denied respondent's motion to vacate the order and judgment (one paper), same court and Justice, entered on or about June 5, 2018, granting petitioner's Article 52 petition (the June 2018 judgment) and (ii) granted petitioner's cross-motion for sanctions to the extent of enjoining respondent from filing any further actions or motions in the New York State Unified Court System relating to respondent's lease agreements with petitioner, any associated personal guarantees, or the occupation by any of respondent's businesses in buildings owned by petitioner without prior permission from the appropriate Appellate Division or Deputy Chief Administrative Judge, unanimously affirmed, with costs.
The parties to this action have been engaged in litigation since 2009. Petitioner commenced this action to enforce a judgment, rendered after a jury verdict, in its favor and against respondent for an amount that, in 2017, was over $1.4 million. To satisfy that judgment, petitioner sought respondent's share of the proceeds from a forced sale of cooperative stock and the proprietary lease of a penthouse apartment associated with those shares. In its June 2018 judgment, the court granted the petition. Respondent moved to vacate the June 2018 judgment, claiming that newly discovered evidence undermined the original jury verdict rendered in 2015.
Supreme Court properly denied respondent's motion to vacate the June 2018 judgment. Respondent does not explain how the allegedly "new" information would have changed the outcome in this proceeding, which is solely to enforce the prior judgment (see CPLR 5015[a][2]). In addition, the record establishes that respondent learned of the supposedly "new" information in May of 2021, over three years before respondent filed his motion to vacate on September 25, 2024 (see Mark v Lenfest, 80 AD3d 426, 426 [1st Dept 2011]).
The court also providently exercised its discretion in granting petitioner's cross-motion for sanctions in light of respondent's extensive and well-documented history of abuse of the judicial process (see Capogrosso v Kansas, 60 AD3d 522, 523 [1st Dept 2009], lv denied 18 NY3d 809 [2012], cert denied 568 US 884 [2012]; see also Matter of Unger v Koren Ha, 234 AD3d 783, 785-786 [2d Dept 2025]). Another court has already effectively rejected the arguments respondent has raised in this motion (see Brady v Sheindlin, 2021 WL 5312995, *2, 2021 US App LEXIS 33908, *3-4 [2d Cir, Nov. 16, 2021, No. 21-669-cv]), and respondent has previously been sanctioned and subjected to injunctions by other courts as a result of his prior litigation conduct.
We have considered respondent's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025