In the Matter of the Application of MURRAY H. PORTNOW for Admission to the Bar of the State of New York.

Second Department, March 4, 1938.

HAGARTY, J. The applicant, Murray H. Portnow, known also as Hyman Murray Portnow and Herman Portnow, is credited with having passed the bar examination, evidenced by the certificate of the State Board of Law Examiners, bearing date the 29th day of October, 1936. Thereafter, and on the 19th day of February, 1937, this application for admission to the bar was made. Pursuant to rule 1 of the Rules of Civil Practice, the applicant's sworn statement, known as a questionnaire, together with other affidavits and required evidence, was referred to the committee duly appointed by this court for the purpose of investigating the character and fitness of applicants for admission to the bar. That committee disapproved the application and filed its report, together with the record of the case, for final disposition by this court.

The development of the facts in this case is due to the intelligent direction of the extended investigation by the committee, consisting of lawyers who have dedicated their services to this work to the end that the high standards of the profession of the law may be maintained by the admission to practice of those only who, having passed the bar examination, are otherwise qualified and fit by reason of their standard of living, character and proper conception of the ethics of life and of the profession. The court records its appreciation of the unselfish and devoted service which the members of this committee are rendering to the public and to their profession, as illustrated by the record in this application. That record and the report of the committee disclose the facts.

In June of 1927 a man named Herman Partnow, then residing at No. 247 Stockton street, Brooklyn, was graduated at Columbia University with the degree of bachelor of arts. The applicant herein filed with his papers a certificate issued by Columbia University under date of February 11, 1937, to the effect that Hyman Partnow, of No. 247 Stockton street, Brooklyn, who changed his name to Herman Partnow, was graduated with the degree of bachelor of arts on the 1st day of June, 1927. The applicant represented himself as that Herman Partnow. The certificate bore this indorsement: " May not register again in the University. For further information refer to Dean Herbert E. Hawkes."

It was the investigation by the character committee of the indorsement on the certificate filed by the applicant, which had to do with the conduct of the real Herman Partnow while he was a student at Columbia, that led to the disclosure of a chain of facts and circumstances constituting an attempt on the part of this applicant to gain admission to the bar of this State by impersonating the Partnow who was graduated at Columbia University in 1927, using his certificate of graduation, supported by perjured evidence. In his questionnaire the applicant details a frequent change of name for " convenience and effect," so arranged that at one time it approached closely the name of the original Partnow, who, incidentally, had changed his name in the year 1927 from Hyman Partnow to Herman Partnow. He stated falsely that, in June, 1927, he resided at 247 Stockton street, Brooklyn, the address of the original Partnow at that time, and that he attended Columbia University from 1923 to 1927. The record further discloses that in July, 1933, he attempted to have the records of Columbia University changed, by filing with that institution what purported to be a City Court order changing the name of Herman Partnow to his own assumed name of Murray H. Portnow. The committee's examination of the court records discloses no such order and no

such proceeding for change of name. The certificate from Columbia filed in this proceeding was obtained by trickery. Commencing on the 20th of October, 1930, this applicant, by mail, frequently requested that university to send him a certificate of his graduation. A misstatement as to age and the difference in the name of Partnow and Portnow caused Columbia University to become suspicious and to refuse such certificate unless he applied personally and identified himself. Finally, on the 5th of September, 1931, he wrote the university requesting it to mail the certificate to the Alliance Machinery Exchange at 218 Center street, New York city, "my prospective employer." That was done. The committee subsequently developed the fact that the office of that concern was in charge of the applicant's wife.

These developments led the committee to investigate the papers originally filed by the applicant with the New York State Board of Law Examiners in 1932, for the purpose of qualifying for the bar examination. Among them was an affidavit verified on the 1st day of June, 1932, bearing the signature " Murray H. Portnow," in which the affiant alleged that he had been graduated at New York University in June of 1927, with the degree of bachelor of arts. Annexed to the affidavit was a certificate, under the seal of the New York University, certifying that Murray H. Portnow had been graduated at the University College of Arts and Sciences on the 8th day of June, 1927, with the degree of bachelor of arts. Inquiry at that university disclosed that no one of that name, or of a similar name, had ever attended the university, and that no certificate had ever been issued in that name. The committee reports that a close inspection of the certificate revealed the fact that the typewritten name " Murray H. Portnow " was superimposed over a surface which had been erased, and that the typewriting, other than that of the name, was apparently written on a different machine, the letters being different in size and spacing. Just why that certificate was abandoned by the applicant does not appear, but it may be assumed that he realized that it would not survive the scrutiny of the character committee. In any event, if that certificate were genuine, the second would be unnecessary.

The climax came on December 14, 1937, when Librarian Howson, of Columbia University, appeared before the committee with the university's record card, to which was attached a picture of the student at Columbia. The picture was not of the applicant, and the facts concerning him differed in all respects except as to the residence at 247 Stockton street, Brooklyn. Eventually, the committee located the original Herman Partnow, who appeared before it and testified. He had never heard of the applicant and

had never lived at any of the addresses given by the applicant in his questionnaire, except No. 247 Stockton street. At the request of the committee, he called on the applicant at his home and again testified before the committee to the effect that the applicant had admitted to him that he was endeavoring to impersonate him for the purpose of obtaining admittance to the bar. The applicant refused to appear again before the committee.

There is another feature of this case which cannot be passed unnoticed. Three attorneys, by affidavit, have certified to the good character of this applicant. The affidavits of two of them contain untrue statements, in effect giving support to the fraud perpetrated by this applicant. One of them, who submitted an affidavit of good character and ideal home life, testified before the committee that he had known the applicant for " several " years and that his sole contact with him was through the Young Men's Hebrew Association of Williamsburg. He testified that he had never met the applicant's father, mother, brother or sister, and that he did not know that he was married. He never visited the applicant's home, and the applicant never visited his home. That, however, was in direct contradiction of the statements made by him in his affidavit, in which he stated that he knew the applicant's wife, mother, father, brother and sister; that he visited the applicant at his home at least once in each week since their acquaintance in June, 1925, including the 247 Stockton street address; that he came in contact with the applicant " at least once and at times twice each week since 1925 met either at his home or mine " and observed his home environment, and that in his home he was " A Chesterfieldian model of this present age." The affidavit is almost entirely false and was admitted to be false by the affiant in his testimony before the committee. The affidavit by the other consists of a gross exaggeration of facts. He, too, alleged, under oath, that he visited the applicant at No. 247 Stockton street. Before the committee he admitted that he had no recollection of visiting him at that address.

Those who make affidavits are held to a strict accountability for the truth and accuracy of their contents. Lawyers, particularly, should be helpful to the court in its endeavors to keep the profession free from those unfit, rather than obstructive in thwarting the efforts of the character committee by verifying affidavits with reckless disregard for the truth.

The application for admission to the bar should be denied. The matter should be referred to the district attorney of Kings county and the grievance committee of the Brooklyn Bar Association for appropriate action. The character committee should be author-

ized to take action, in conjunction with the representatives of the various universities, colleges and law schools, to the end that applicants for certificates may be properly identified.

Present — HAGARTY, CARSWELL, DAVIS, JOHNSTON and ADEL, JJ.

Application for admission to the bar denied. The matter is referred to the district attorney of Kings county and the grievance committee of the Brooklyn Bar Association for appropriate action. The committee on character and fitness of applicants for admission to the bar is authorized to take action, in conjunction with the representatives of the various universities, colleges and law schools, to the end that applicants for certificates may be properly identified.