■ DIEGO PADRO, Appellant, et al., Plaintiff, v PFIZER, INC., Respondent. [701 NYS2d 898] —Order, Supreme Court, New York County (Louis York, J.), entered June 22, 1999, which granted defendant's motion pursuant to CPLR 3101 (d) (1) (iii) for leave to depose plaintiff's expert and order, same court and Justice, entered September 8, 1999, which insofar as it adhered to its prior decision, and granted defendant's motion to preclude plaintiff's expert from testifying at trial unless he appeared for deposition on a specified date, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motions denied.

Contrary to the conclusion reached by Supreme Court, defendant failed to demonstrate special circumstances justifying a pretrial deposition of plaintiff's expert (CPLR 3101 [d] [1] [iii]). In this regard, neither the purported novelty of the opinion expressed in plaintiff's expert disclosure notice, nor the claimed flaws underlying the expert's opinion rise to the level of special circumstances (*see, Hallahan v Ashland Chem. Co.*, 237 AD2d 697; *Rosario v General Motors Corp.*, 148 AD2d 108). Concur—Sullivan, J. P., Nardelli, Rubin, Andrias and Friedman, JJ.