Cohn v Nationstar Mtge. LLC (2020 NY Slip Op 05676)





Cohn v Nationstar Mtge. LLC


2020 NY Slip Op 05676


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Index No. 160840/17 Appeal No. 12021 Case No. 2020-00722, 2020-00724 

[*1]David Cohn, Plaintiff-Respondent,
v
Nationstar Mortgage LLC, Defendant-Appellant.


McCarter & English, LLP, New York (Adam M. Swanson of counsel), for appellant.
Shiryak Bowman Anderson Gill & Kadochnikov LLP, Kew Gardens (Matthew J. Routh of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered June 22, 2018, which granted plaintiff's motion for summary judgment in this action to quiet title, unanimously affirmed, without costs. Order, same court and Justice, entered September 26, 2019, which denied defendant's motion to vacate the June 22, 2018 order, unanimously affirmed, without costs.
Defendant's motion to vacate was providently denied, as it was not brought within a reasonable time under the circumstances (see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225 [2013]). Although there is no particular deadline to bring a motion contending fraud, misrepresentation, or other misconduct, and the evidence submitted need not be newly discovered, the moving party must "sufficiently explain[]" its delay in making the motion (Shouse v Lyons, 4 AD3d 821, 823 [4th Dept 2004]). Here, defendant made no attempt to explain why it took 18 months after filing its answer and 14 months after summary judgment was granted to raise the issue of plaintiff's name, which it had noted in a prior appeal (see Mark v Lenfest, 80 AD3d 426 [1st Dept 2011]). While "the motion court's determination to vacate a judgment is a discretionary one" (Nash, 22 NY3d at 225), "that discretion should not be exercised where . . . the moving party has . . . been dilatory in asserting its rights" (Greenwich Sav. Bank v JAJ Carpet Mart, 126 AD2d 451, 452 [1st Dept 1987]).
Plaintiff's motion for summary judgment was properly granted. Plaintiff proved standing, as evinced by the record showing his interest in the property arising from his purchase by Bargain and Sale Deed (RPAPL 1501[4]; Guccione v Estate of Guccione, 84 AD3d 867, 869 [2d Dept 2011]). Contrary to defendant's contention, plaintiff has maintained throughout that he owns the subject property (compare Herman v 36 Gramercy Park Realty Assoc., LLC, 165 AD3d 405, 406 [1st Dept 2018]).
Plaintiff also demonstrated, prima facie, that the limitations period began to run in September 2009, when defendant's predecessor accelerated the debt in its complaint in the first foreclosure action (see MGTLQ Invs., LP v Wozencraft, 172 AD3d 644 [1st Dept 2019], lv dismissed 34 NY3d 1010 [2019]; Capital One, N.A. v Saglimbeni, 170 AD3d 508, 509 [1st Dept 2019]). Defendant proffered no evidence to refute this showing, or to support its contention that its predecessor may not have served a 30-day
notice of acceleration prior to commencing the 2009 action (compare U.S. Bank N.A. v Hazan, 176 AD3d 637, 638 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020