Everhome Mtge. Co. v Aber (2021 NY Slip Op 03574)





Everhome Mtge. Co. v Aber


2021 NY Slip Op 03574


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-07729
 (Index No. 507839/15)

[*1]Everhome Mortgage Company, etc., appellant,
v
Nuchem Aber, et al., respondents, et al., defendants.


McGlinchey Stafford, PLLC, New York, NY (Kristen D. Romano of counsel), for appellant.
Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser and Kenneth Berman of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 6, 2017. The order granted the motion of the defendant Equity Recovery Corporation pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred, to cancel a notice of pendency filed against the subject property, and for summary judgment on its counterclaim pursuant to RPAPL article 15 to cancel and discharge of record the mortgage, and denied, as academic, the plaintiff's cross motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants Nuchem Aber and Equity Recovery Corporation, to strike their answer and dismiss their counterclaims, and for an order of reference.
ORDERED that the order is affirmed, with costs.
I. Introduction
On this appeal, we consider whether the plaintiff raised a genuine question of fact in opposition to the motion of the defendant Equity Recovery Corporation (hereinafter Equity) for dismissal of the amended complaint as time-barred (see CPLR 3211[a][5]) and for summary judgment on its counterclaim pursuant to RPAPL article 15 to cancel and discharge of record the mortgage (see CPLR 3212). For the reasons stated herein, the Supreme Court properly determined, inter alia, that the plaintiff failed to meet its burden.
II. Facts
In April 2003, the defendant Nuchem Aber executed a note in the sum of $368,000 in favor of Fairmont Funding, Ltd. (hereinafter Fairmont), which was secured by a mortgage on residential property. Aber allegedly failed to make monthly payments due May 1, 2008, and thereafter. On or about April 13, 2009, Fairmont purportedly assigned the note to the plaintiff. On April 30, 2009, the plaintiff commenced a foreclosure action against, among others, Aber (hereinafter the first action). On December 30, 2009, the subject property was transferred to Equity. By order dated October 3, 2013, the Supreme Court directed dismissal of the first action without prejudice based upon the plaintiff's failure to appear for a court conference.
On June 24, 2015, the plaintiff commenced this second foreclosure action (hereinafter the second action) against, among others, Aber and Equity (hereinafter together the defendants). The following day, the plaintiff filed an amended summons and an amended complaint. Aber and Equity served an amended answer asserting, inter alia, a defense based upon the expiration of the statute of limitations, and a counterclaim pursuant to RPAPL article 15 to cancel and discharge of record the mortgage. Thereafter, Equity moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred, to cancel the notice of pendency, and for summary judgment on its counterclaim. The plaintiff cross-moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants, to strike their answer and dismiss their counterclaims, and for an order of reference. In an order dated June 6, 2017, the Supreme Court granted Equity's motion and denied the plaintiff's cross motion as academic. The plaintiff appeals, and we affirm.
III. Analysis
"An action to foreclose a mortgage is subject to a six-year statute of limitations" (Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628; see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (Bank of N.Y. Mellon v Craig, 169 AD3d at 628; see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Bank of N.Y. Mellon v Craig, 169 AD3d at 628, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Freedom Mtge. Corp. v Engel, ___ NY3d ___, ___, 2021 NY Slip Op 01090, *2).
In support of its motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred, to cancel the notice of pendency, and for summary judgment on its counterclaim, Equity established, prima facie, that the statute of limitations began to run on the entire debt on April 30, 2009, when the plaintiff commenced the first action to foreclose the mortgage and elected in the complaint to call due the entire amount secured by the mortgage (see Bank of N.Y. Mellon v Craig, 169 AD3d at 629). Since the plaintiff did not commence this action until June 24, 2015, more than six years later, Equity sustained its initial burden of demonstrating, prima facie, that this action is time-barred (see U.S. Bank N.A. v Martin, 144 AD3d 891, 892).
The burden then shifted to the plaintiff to present admissible evidence to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced this action within the applicable limitations period (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 38; Bank of N.Y. Mellon v Craig, 169 AD3d at 629).
The plaintiff argued that: (1) RPAPL 1304 constitutes a "statutory prohibition" within the meaning of CPLR 204, and therefore, the statute of limitations was tolled by its service of 90-day notices under RPAPL 1304; (2) the statute of limitations never began to run because, under paragraph 19 of the mortgage, an acceleration of the mortgage debt cannot occur until judgment is entered; and (3) its commencement of the first action did not accelerate the mortgage debt because questions of fact may exist as to whether it properly accelerated the mortgage debt in accordance with paragraph 22(b) of the mortgage, and therefore, any determination on the issue of whether this action is time-barred is premature. Each of the plaintiff's arguments is without merit.
A. RPAPL 1304 is not a statutory prohibition within the meaning of CPLR 204(a), and therefore, it did not toll the statute of limitations.
CPLR 204(a) provides that "[w]here the commencement of an action has been stayed by a court or by a statutory prohibition, the duration of the stay is not part of the time within which the action must be commenced" (emphasis added). RPAPL 1304, which the plaintiff argues is a "statutory prohibition," requires that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304 describes the required content and manner of service of the notice. "Strict compliance with RPAPL 1304 [*2]notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20 [emphasis added]; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95).
"A statutory prohibition and a condition precedent are separate concepts" (HSBC Bank USA v Kirschenbaum, 159 AD3d 506, 507; see Barchet v New York City Tr. Auth., 20 NY2d 1, 6; Christiana Trust v Barua, 184 AD3d 140, 151-152). The salient feature of a "statutory prohibition" is the plaintiff's lack of control. Since a plaintiff has complete control over the acts necessary to effectuate compliance with a condition precedent, a condition precedent is not a statutory prohibition (see HSBC Bank USA v Kirschenbaum, 159 AD3d at 507; see also Barchet v New York City Tr. Auth., 20 NY2d at 6). Thus, because the plaintiff had control over when to serve the RPAPL 1304 notice, and could have done so at least 90 days prior to the expiration of the statute of limitations, RPAPL 1304 is not a statutory prohibition within the meaning of CPLR 204(a) (see Barchet v New York City Tr. Auth., 20 NY2d at 6; Christiana Trust v Barua, 184 AD3d at 151-152; HSBC Bank USA v Kirschenbaum, 159 AD3d at 507). Therefore, the plaintiff's service of 90-day notices in compliance with RPAPL 1304 did not toll the statute of limitations.
B. Paragraph 19 of the mortgage did not prohibit the plaintiff from accelerating the mortgage debt until after judgment was entered.
As in Bank of N.Y. Mellon v Dieudonne (171 AD3d at 40), paragraph 19 of the mortgage allows the plaintiff to exercise its right to accelerate the entire mortgage debt "before the defendant's rights under the reinstatement provision in paragraph 19 are exercised or extinguished." Thus, contrary to the plaintiff's contention, paragraph 19 did not prohibit the acceleration of the mortgage debt until the entry of a judgment of foreclosure and sale.
C. The plaintiff failed to raise a question of fact as to the validity of its own election to accelerate the mortgage debt, and failed to show that dismissal was premature.
The plaintiff contends that Equity's motion, inter alia, for dismissal of the amended complaint should have been denied because there are questions of fact as to whether it complied with paragraph 22(b) of the mortgage, which is a contractual condition precedent to a valid acceleration. In response, Equity contends that the plaintiff's election to accelerate the mortgage debt in its complaint in the first action was never invalidated by the Supreme Court in the first action, and therefore, the mortgage debt remained in an accelerated posture for more than six years, rendering the instant action time-barred. In effect, Equity contends that the plaintiff cannot now, in this action, seek a judicial invalidation of its own election to accelerate the mortgage debt in order to avoid the effect of the statute of limitations.
In the order appealed from, the Supreme Court rejected the premise of the plaintiff's argument, stating that the defendants had no obligation to prove the viability of the first action, and also that, in any event, the plaintiff's submissions were insufficient to raise a question of fact.
The requirement in paragraph 22(b) of the mortgage that the lender first send the borrower a written notice of default, with at least 30 days' notice of acceleration, is a contractual condition precedent (see CPLR 3015[a]) inserted in the contract solely for the benefit of the borrower, as it gives the borrower additional time to make installment payments before the lender may accelerate the mortgage debt. As such, compliance with paragraph 22(b) is enforceable and waivable only by the borrower (see Satterly v Plaisted, 52 AD2d 1074, 1074, affd 42 NY2d 933; Gorman v Gorman, 283 App Div 250, 251; see also CPLR 3015[a]). Thus, the plaintiff's belated attempt to take advantage of its own potential breach of paragraph 22(b) to the prejudice of Equity, whose rights under RPAPL 1501(4) to discharge and cancellation of the mortgage have vested, must not be condoned (see Gerschel v Christensen, 128 AD3d 455, 456).
Although Aber had asserted noncompliance with paragraph 22(b) as an affirmative defense in the first action, the Supreme Court ultimately did not invalidate the plaintiff's election to accelerate the mortgage debt on that basis (compare U.S. Bank v Hazan, 176 AD3d 637, 638, with Cohn v Nationstar Mtge. LLC, 187 AD3d 499; see also Capital One, N.A. v Saglimbeni, 170 AD3d 508, 509), since it directed dismissal of the complaint based upon the plaintiff's failure to appear at a court conference. Thus, given that the 2009 acceleration of the mortgage debt was neither [*3]invalidated by the court nor revoked by the plaintiff (see Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090), the Supreme Court properly determined that this action is time-barred.
Contrary to the opinion of our dissenting colleagues, the Supreme Court also properly determined that, in any event, the plaintiff's submissions were insufficient to raise a question of fact. "One opposing a motion for summary judgment must produce evidentiary proof in admissibile form sufficient to require a trial of material questions of fact on which [it] rests [its] claim or must demonstrate acceptable excuse for [its] failure to meet the requirement of tendering in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557, 562).
Paragraph 22(b) requires the lender, i.e., the noteholder, to provide the borrower with "at least 30 days" notice of acceleration. Paragraph 22(b) and paragraph 15 of the mortgage together require that such notice be sent by first-class mail or by actual delivery if sent by other means. The documentary evidence submitted by the plaintiff evinces that 30 days before the acceleration date, the note was held and owned by the plaintiff's predecessor in interest, Fairmont. The plaintiff proffered no evidence as to whether Fairmont sent or delivered the notice, and the plaintiff did not provide any excuse for failing to submit such evidence. Indeed, the plaintiff submitted an affidavit from the assistant vice president of its servicer who averred, in effect, that the plaintiff had incorporated the relevant records of Fairmont into its own records (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209). As assignee of the mortgage and note, the plaintiff acquired no rights greater than those of Fairmont, and took the assignment of the note and mortgage subject to all defenses and counterclaims which the defendants had against Fairmont (see New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d 586, 592-593; Muller v Kling, 209 NY 239, 243; US Bank N.A. v Denisco, 96 AD3d 1659, 1661; Kelly v Lamontagne, 71 AD2d 1016; State St. Bank & Trust Co. v Boayke, 249 AD2d 535). Thus, considering the plaintiff's representation that, in effect, it was in possession of Fairmont's records pertaining to the subject loan, there is no valid excuse for the plaintiff's failure to submit evidence as to Fairmont's mailing or delivery of the notice.
Moreover, in arguing that it, as opposed to Fairmont, may not have sent or delivered the required notice, the plaintiff proffers none of its own records or witnesses. Instead, the plaintiff merely refers to Aber's answer in the first action in which Aber alleged, as an affirmative defense (see CPLR 3015[a]), that "Plaintiff failed to give the Defendant NUCHEM ABER the notice of default as required by the mortgage" (emphasis added)[FN1]. Whether the plaintiff mailed or delivered the notice is immaterial since Fairmont was the noteholder at the relevant time.
Moreover, contrary to the opinion of our dissenting colleagues, Aber did not deny receipt of the notice of default, but merely alleged, as a legal conclusion, that the plaintiff did not "give" him the required notice. Even construing Aber's answer as a denial of receipt of the notice, as our dissenting colleagues do, it is well settled that a bald denial of receipt is insufficient to establish, prima facie, that such notice was not mailed or delivered, or to raise a question of fact as to mailing or delivery (see CIT Bank N.A. v Schiffman, ___ NY3d ___, ___, 2021 NY Slip Op 01933, *3; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23). Considering that the plaintiff is in the best position to know whether it or Fairmont mailed or delivered to Aber the notice of default, it was incumbent upon the plaintiff to lay bare its proof on that issue so as to raise a question of fact (see Zuckerman v City of New York, 49 NY2d 557, 562; see also Nel Taxi Corp. v Eppinger, 203 AD2d 438, 438; Sikes v Chevron Cos., 173 AD2d 810, 811; Chemical Bank v Queen Wire & Nail, 75 AD2d 1000, 1000). "A shadowy semblance of an issue" (S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338, 341 [internal quotation marks omitted]), which the plaintiff presents here, is simply not enough to defeat a dismissal motion.
The plaintiff's argument that the branch of Equity's motion which was for summary judgment on its counterclaim should have been denied as premature is, likewise, without merit. "A [*4]party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant" (Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329, quoting Reynolds v Avon Grove Props., 129 AD3d 932, 933). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Haidhaqi v Metropolitan Transp. Auth., 153 AD3d at 1329). Here, the plaintiff failed to demonstrate that the discovery process might lead to information as to its own or Fairmont's mailing or delivery of the notice, or that such information was exclusively within the knowledge and control of the defendants (see Colantonio v Mercy Med. Ctr., 135 AD3d 686; Le Grand v Silberstein, 123 AD3d 773, 775; Williams v Spencer-Hall, 113 AD3d 759, 760).
For the foregoing reasons, the Supreme Court properly granted Equity's motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred, to cancel the notice of pendency filed against the subject property, and for summary judgment on its counterclaim pursuant to RPAPL article 15 to cancel and discharge of record the mortgage, and denied, as academic, the plaintiff's cross motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants, to strike their answer and dismiss their counterclaims, and for an order of reference.
BARROS, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
DILLON, J.P., concurs in part and dissents in part, and votes to reverse the order, on the law, deny the motion of the defendant Equity Recovery Corporation pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred, to cancel the notice of pendency filed against the subject property, and for summary judgment on its counterclaim pursuant to RPAPL artice 15 to cancel and discharge of record the mortgage, and deny the plaintiff's cross motion, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants Nuchem Aber and Equity Recovery Corporation, on the merits, with the following memorandum, in which MILLER, J., concurs:
The facts of this appeal are not in dispute. The plaintiff commenced its first of two residential mortgage foreclosure actions against the defendant Nuchem Aber and others, by the filing of a summons with notice and complaint dated April 29, 2009 (hereinafter the first action). Paragraph "Eighth" of the complaint accelerated the full amount due on the allegedly defaulted note. Aber served a verified answer dated June 2, 2009, that included, inter alia, a "seventh affirmative defense" which alleged, in paragraph 29, that "the Plaintiff was required to give the Defendant a specific written notice with an opportunity to cure any default"; in paragraph 30, that the "Plaintiff failed to give the defendant Nuchem Aber the notice of default as required by the mortgage"; and in paragraph 31, that "[t]he Plaintiff has failed to comply with a condition precedent of the mortgage [by which] an acceleration by Plaintiff was in violation of the terms of the mortgage." The verification of the answer was executed not by the defendants' counsel, but by Aber himself. Later that year, on December 30, 2009, title to the subject property was transferred to the defendant Equity Recovery Corporation (hereinafter Equity). In an order dated October 3, 2013, dismissal of the first action was directed as a result of the plaintiff's failure to appear for a scheduled status conference.
On June 24, 2015, the plaintiff commenced this second foreclosure action (hereinafter the second action) against various defendants, including Aber and Equity (hereinafter together the defendants). On June 25, 2015, the plaintiff filed an amended summons and amended complaint dated June 25, 2015. The defendants served a verified answer dated July 30, 2015, to the amended complaint, alleging in an affirmative defense, as had been asserted in the first action, that the plaintiff had failed to comply with the contractual default notice requirement contained in the note, which is a condition precedent to the commencement of the second action. In the same answer, the defendants asserted an affirmative defense that the second action was barred by the applicable statute of limitations.
On August 2, 2016, Equity moved to dismiss the amended complaint in the second action insofar as asserted against it on the ground, inter alia, that it was time-barred pursuant to CPLR 3211(a)(5). It also sought in that motion to cancel the notice of pendency that had been filed against the subject property and summary judgment on its counterclaim pursuant to RPAPL article [*5]15.
The second action was undeniably commenced more than six years after the commencement of the first action. In support of its motion, Equity established that the statute of limitations began to run on the entire debt on April 30, 2009, when the plaintiff commenced the first action and elected in its complaint to call due the entire amount secured by the mortgage (see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629). Since the plaintiff did not commence the second action until June 24, 2015, which was more than six years after the acceleration of the full debt, Equity sustained its initial burden of demonstrating, prima facie, that the second action was untimely (see CPLR 213[4]; Bank of N.Y. Mellon v Ahmed, 181 AD3d 634, 635; HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030-1031; U.S. Bank N.A. v Martin, 144 AD3d 891, 892). The burden therefore shifted to the plaintiff to present admissible evidence establishing that the action was timely, or to at least raise a question of fact as to whether the action was timely (see U.S. Bank N.A. v Gordon, 176 AD3d 1006, 1007-1008; Bank of N.Y. Mellon v Craig, 169 AD3d at 629).
In October 2016, the plaintiff opposed Equity's motion, inter alia, to dismiss the amended complaint and cross-moved, among other things, for summary judgment on the amended complaint insofar as asserted against the defendants, to strike their answer and dismiss their counterclaims, and for an order of reference. Among the opposition arguments, the plaintiff referred to Paragraph 22(b)(3) of the mortgage, which contractually entitled the defendants to a notice of default providing at least a 30-day period to cure, as a condition to the commencement of a residential mortgage foreclosure action (see HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966, 966-967). Documentary evidence established that the plaintiff was assigned the note on April 13, 2009, and that the first action was commenced only 17 days after the assignment, on April 30, 2009, meaning that any default notice that the plaintiff might theoretically have sent to the defendants was invalid for failing to provide the full 30-day cure period to which the defendants were entitled as a condition precedent to the action.
In further opposition to Equity's motion, inter alia, to dismiss, the plaintiff produced a copy of Aber's verified answer in the first action, including his seventh affirmative defense alleging that the note required the plaintiff to provide a default notice with an opportunity to cure, that the plaintiff failed to give Aber the requisite notice, and that the first action and its debt acceleration were therefore in violation of a condition precedent. The plaintiff argued that the invalidity of the first action, as claimed by Aber in his earlier verified pleading, rendered any debt acceleration at that time null and void, and therefore rendered the second action timely at least as to the missed installment payments incurred within six years prior to the commencement of the second action, and for the accelerated balance as of that time.
Notably, Equity, in its reply papers submitted in further support of its motion, inter alia, to dismiss, did not take issue with the plaintiff's arguments that no default notice could have been valid in the 17 days between the assignment of the note to the plaintiff and the commencement of the first action. Likewise, Equity took no issue with Aber's verified affirmative defense in the first action that the plaintiff had failed to give him a 30-day default notice with an opportunity to cure. Perhaps doing so would have subjected Aber to a perjury trap. As a result, the plaintiff's contentions that the first action was commenced in violation of a contractual condition precedent were, and are, wholly uncontested by Equity in reply and on appeal.
In the order appealed from, the Supreme Court granted Equity's motion, inter alia, to dismiss the amended complaint insofar as asserted against it as time-barred and denied, as academic, those branches of the plaintiff's cross motion which were for summary judgment on the amended complaint insofar as asserted against the defendants, to strike their answer and dismiss their counterclaim, and for an order of reference. Respectfully, we would reverse the order appealed from, deny Equity's motion, inter alia, to dismiss on untimeliness grounds, and deny the plaintiff's cross motion, inter alia, for summary judgment, on the merits.
We agree with the portions of the majority's holding that the notice period of RPAPL 1304 does not operate as a toll of the statute of limitations in favor of the plaintiff (see U.S. Bank N.A. v Derissaint, 193 AD3d 790), and that paragraph 19 of the mortgage does not prohibit an acceleration of the note's debt until the entry of a judgment of foreclosure and sale (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 40).
Nevertheless, the first reason Equity's motion should have been denied involves Paragraph 22(b) of the subject mortgage. Paragraph 22(b) unambiguously requires the lender to send the defendants a notice of default in their payment obligations, with a 30-day opportunity to cure the default. Paragraph 22 also provides that an acceleration of the full mortgage debt is not permitted unless default notice requirements are first satisfied. Therefore, the first action could not have validly been commenced as it was calendrically impossible for the plaintiff, which held the note for only 17 days prior to commencement, to have satisfied the note's 30-day notice and cure period required by Paragraph 22(b)(3). This holds true whether the plaintiff did, or did not, actually send a default notice to the defendants at that approximate time, and is sufficient to at least raise a question of fact warranting denial of that branch of Equity's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint (see Milone v US Bank N.A., 164 AD3d 145, 154).
A second reason Equity's motion should have been denied involves Aber's verified answer and affirmative defenses in the first action. CPLR 105(u) provides that a verified pleading may be utilized as an affidavit (see generally Sanchez v National R.R. Passenger Corp., 21 NY3d 890, 891-892; Salch v Paratore, 60 NY2d 851, 852-853), which applies not just to verified allegations set forth in complaints, but equally to allegations contained in answers (see Watson v Pollacchi, 32 AD3d 565; Moore v Michaud, 166 AD2d 883). A noted treatise on the subject, McCormick on Evidence, provides that "[a] party's pleading in one case may generally be used as an evidentiary admission in other litigation" (2 McCormick On Evidence § 257 [8th ed Jan. 2020 Update] [footnotes omitted]).
Here, Aber's verified seventh affirmative defense in the first action alleged factual information in paragraph 30, that he had not been given the contractually required notice of default—facts known directly by Aber from his alleged nonreceipt of any such document. Significantly, the subject matter of the verified affirmative defense in the first action, that no default notice had been received by Aber, directly relates to the issue central to that branch of Equity's motion which was to dismiss the amended complaint insofar as asserted against it in the second action, of whether the absence of a timely and proper default notice nullifies the note acceleration in the first action so as to render the second action timely. Parties who make sworn written statements are to be held to a strict accountability for the truth and accuracy of their contents (see Matter of Portnow, 253 App Div 395, 398).
Our colleagues in the majority are unpersuaded that Aber's prior affirmative defense raises a question of fact, as the language of the affirmative defense states that the "Plaintiff" failed to satisfy its contractual notice obligations, as distinguished from its predecessor in interest, Fairmont Funding, Ltd. (hereinafter Fairmont). The majority's observation ignores the well-established decisional maxim that assignees, such as the plaintiff here, stand in the shoes of their assignors (see Weiss v Markel, 110 AD3d 869, 871), as well as the statutory directive that pleadings, such as Aber's affirmative defense, "shall be liberally construed" (CPLR 3026). Where there is any doubt about the availability of a defense, a pleading, liberally construed, is entitled to every reasonable intendment (see US Bank N.A. v Nelson, 169 AD3d 110, 123, affd 36 NY3d 998; Youssef v Triborough Bridge & Tunnel Auth., 24 AD3d 661).
To the extent our colleagues in the majority find that the "acceleration of the mortgage debt was neither invalidated by the court nor revoked by the plaintiff (see Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090)" (Majority op at 5), that analysis misses the point, and begs the issue, which is only whether the acceleration was valid at its inception. Respectfully, since this action never involved any claim by any party that the purported debt acceleration had been revoked, the majority's reliance upon the principles of revocation and judicial invalidation is irrelevant to this action and is, at most, dicta (see Cipollone v City of White Plains, 181 AD2d 887, 888).
Since there is a question of fact about the validity of the debt acceleration made in the first action, occasioned by the plaintiff's alleged failure to serve a proper and timely contractual default notice prior to the commencement of that action, Equity is unable to establish as a matter of law that the second action was commenced beyond the six-year statute of limitations under CPLR 213(2) and 3211(a)(5) (see Milone v US Bank N.A., 164 AD3d at 153; U.S. Bank N.A. v Gordon, 158 AD3d 832, 836). In determining that branch of Equity's motion which was to dismiss pursuant to CPLR 3211(a)(5), all that is needed to defeat it is a mere question of fact about the timeliness of the [*6]second action (see Milone v US Bank N.A., 164 AD3d at 154). In resolving a motion to dismiss pursuant to CPLR 3211(a)(5), the court must accord the plaintiff the benefit of every possible favorable inference (see Faison v Lewis, 25 NY3d 220, 224; Leon v Martinez, 84 NY2d 83, 87-88; Ford v Phillips, 121 AD3d 1232, 1234). Applying those standards here, a question of fact is raised through the record evidence, the significance of which the defendants did not contest before the Supreme Court and do not contest on appeal.
Equity asserted in its amended answer a counterclaim to cancel and discharge of record the mortgage pursuant to RPAPL article 15. Any denial of that branch of Equity's motion which was to dismiss due to the existence of a question of fact on timeliness grounds, which we urge, would derivatively mandate that the portion of the order which granted that branch of Equity's motion which was for summary judgment on its counterclaim also be modified, and that branch of the motion likewise be denied (see Milone v US Bank N.A., 164 AD3d at 154).
A separate issue on appeal involves the Supreme Court's denial of the plaintiff's cross motion, inter alia, for summary judgment, as academic. The plaintiff failed to address in its cross motion whether a proper and timely contractual default notice had been transmitted to Aber by Fairmont prior to its own acquisition of the note by assignment. While this evidentiary deficiency prevents the plaintiff from affirmatively obtaining summary judgment in its favor (see U.S. Bank N.A. v Negrin, 186 AD3d 1754, 1755), it does not eviscerate the question of fact requiring the denial of that branch of Equity's motion which was to dismiss, based upon both the 30-day contractual cure period required by Paragraph 22(b) of the mortgage and the separate averments in Aber's seventh affirmative defense served in the first action.
For these various reasons, we believe that the order should be reversed, on the law, Equity's motion, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred and for summary judgment on its counterclaim pursuant to RPAPL article 15 to cancel and discharge of record the mortgage should be denied, and the plaintiff's cross motion, inter alia, for summary judgment should be denied, on the merits.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:The issue of the admissibility of Aber's answer in the first action is not argued on appeal. Therefore, we have no occasion to examine the admissibility of that answer (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 202).