Pritsker v Zamansky LLC (2021 NY Slip Op 05678)





Pritsker v Zamansky LLC


2021 NY Slip Op 05678


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Index No. 150595/17 Appeal No. 14417 Case No. 2020-02872 

[*1]Robert Pritsker, Plaintiff-Appellant,
v
Zamansky LLC et al., Defendants-Respondents.


Robert Pritsker, appellant pro se.
Housman & Associates, P.C., Tarrytown (Mark E. Housman of counsel), for respondents.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered December 16, 2019, which, inter alia, denied plaintiff's CPLR 5015(a)(3) motion to vacate an order, same court and Justice, entered November 19, 2018, which dismissed the amended complaint and denied plaintiff leave to file a second amended complaint, unanimously affirmed, with costs.
As the basis for seeking vacatur of the November 2018 order, plaintiff postulates that defendants engaged in a fraud on the court. Plaintiff asserts that defendants submitted a deceptively elided quotation from the underlying arbitral decision, which was intended to suggest that plaintiff himself was responsible for the unsuccessful investment at issue, rather than the investment firm he commenced the arbitration against. The purpose of this, he contends, was to immunize defendants from liability, since plaintiff could not prevail against them for legal malpractice if there was no meritorious claim to pursue in the first place.
Plaintiff's fraud theory is not viable. Notably, plaintiff admits that, in addition to the selectively edited quotation, defendants submitted the entire arbitration decision as an exhibit. Nor does plaintiff claim that defendants' quotation was literally misquoted or otherwise inaccurate. These facts cut sharply against plaintiff's theory. Defendants accurately noted that they were selectively quoting from a larger document, and then attached the entire source document for the court's reference and verification. Defendants gave their opinion of the import of the quoted language. Again, however, defendants also submitted the entire document to the court, so that it might shape its own view of the arbitral decision. We see here only advocacy by defendants, not fraud. Since plaintiff has not met his burden of showing fraud, he has not shown any entitlement to relief under CPLR 5015(a)(3) either (see Molina v Chladek, 140 AD3d 523, 524 [1st Dept 2016]; Miller v Lanzisera, 273 AD2d 866, 868 [4th Dept 2000]).
We further find that the motion court providently exercised its discretion in finding that, under the circumstances, where he was in possession at all times of the material that he contended constituted a fraud on the court, plaintiff waited unreasonably long to seek relief under CPLR 5015 (see Cohn v Nationstar Mtge. LLC, 187 AD3d 499, 500 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021