Singh v Genovese (2022 NY Slip Op 01430)





Singh v Genovese


2022 NY Slip Op 01430


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Index No. 14095/04 Appeal No. 15479 Case No. 2021-00848 

[*1]Khris Singh, Plaintiff-Appellant,
v
Albert Genovese et al., Defendants-Respondents.


The Flomenhaft Law Firm, PLLC, New York (Benedene Cannata of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondents.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered on or about September 3, 2020, which denied plaintiff's motion to vacate prior discovery orders and preclude defendants' expert from testifying, and for a protective order precluding duplicative discovery demands, unanimously affirmed, without costs.
Plaintiff failed to move to vacate the court's prior discovery orders within a reasonable time (CPLR 5015; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225 [2013]), and he has not explained his delay in moving (see Cohn v Nationstar Mtge. LLC, 187 AD3d 499, 500 [1st Dept 2020]). In any event, there was no basis under CPLR 5015 to vacate the orders, and indeed, plaintiff's motion failed to specify any grounds for relief under the statute (see Tower Ins. Co. N.Y. v NHT Owners LLC, 115 AD3d 551, 551 [1st Dept 2014]). Plaintiff was provided sufficient notice that sanctions could result from his noncompliance, and the court providently exercised its discretion in imposing limited preclusion (see Rosengarten v Born, 161 AD3d 515, 515 [1st Dept 2018]).
We have considered plaintiff's remaining arguments, including the argument that he complied with the court's prior discovery orders, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022