Almonte v Consolidated Edison Co. of N.Y., Inc. (2023 NY Slip Op 02935)

Almonte v Consolidated Edison Co. of N.Y., Inc.

2023 NY Slip Op 02935

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Kapnick, J.P., Oing, Singh, Shulman, JJ. 

Index No. 24968/14E Appeal No. 362N Case No. 2022-00314 

[*1]Rafaelina D. Almonte et al., Plaintiffs-Appellants,
v
Consolidated Edison Company of New York, Inc., Defendant-Respondent.

The Flomenhaft Law Firm, PLLC, New York (Benedene Cannata of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondent.

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 6, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for a protective order and granted defendant's cross-motion to compel discovery to the extent of directing plaintiffs to provide authorizations to obtain medical records and testing records (including controls, standards and calibrations) including from nonparties Dr. Michael Lipton, Dr. Mehrzad Golzad, Montefiore Medical Center and Montefiore Advanced Imagining, unanimously reversed, on the law, without costs, plaintiffs' motion granted and defendant's cross-motion denied.
In this personal injury action involving an alleged traumatic brain injury, defendant maintains that the testing performed by or relied upon by plaintiffs' CPLR 3101(d) experts, including an MRI with Diffusion Tensor Imaging (DTI), FDG-glucose uptake PET Scan and an MRI brain volume analysis based on the same MRI with DTI are not usually appropriate for initial imaging evaluation of acute head trauma. To that end, defendant has demanded that plaintiff provide authorizations directing her designated experts, including Dr. Lipton, to produce records regarding controls, standards and calibrations of these tests, for purposes of a Frye challenge (Frye v United States, 293 F 1013, 1014 [DC Cir. 1923]; see also Parker v Mobil Oil Corp., 7 NY3d 434, 446-447 [2006]).
Under the circumstances here, the court improvidently exercised its discretion in compelling plaintiffs to provide such discovery. Plaintiffs demonstrated that they fully complied with all discovery demands and orders by making the disclosure required by CPLR 3101(d), as well as providing HIPAA-compliant authorizations for production of her medical records from all her medical providers, including Dr. Lipton, and Arons authorizations permitting ex parte interviews of her designated experts. Plaintiffs' responses to defendant's discovery demands asserted appropriate objections to the disclosure demanded of data underlying the MRI with DTI testing, including that the information demanded is not within her control and was proprietary information of Dr. Lipton or Montefiore (see Aikanat v Spruce Assoc., L.P., 182 AD3d 437, 437 [1st Dept 2020] [objections are an appropriate response to discovery requests]; Calcados Samello, S. A. v Intershoe Inc., 78 AD2d 796, 796 [1st Dept 1980] [modifying discovery order because party "cannot produce that which it does not possess and over which it has no control"]); compare Singh v Genovese, 203 AD3d 479 [1st Dept 2022] [affirming denial of motion to vacate order precluding Dr. Lipton's testimony because, unlike here, the plaintiff failed to timely move to vacate orders directing disclosure of testing data]). Defendant has never sought third-party disclosure directly from the medical providers and designated experts or Montefiore.
"It is improper for a party to request the facts and opinions upon which another party's [*2]expert is expected to testify" (Tate-Mitros v MTA N.Y. City Tr., 144 AD3d 454, 456 [1st Dept 2016]), and further expert discovery requires a showing of special circumstances (CPLR 3101[d][1][i], [iii]). Defendant's contention that the MRI with DTI procedure is novel, and the experts' opinions flawed, does not "rise to the level of special circumstances" that would warrant additional disclosure beyond that required by CPLR 3101(d) (Padro v Pfizer, Inc., 269 AD2d 129, 129 [1st Dept 2000]). Defendant's contention that the testing data is needed to challenge the evidentiary foundation of Dr. Lipton's opinion testimony is raised for the first time on appeal, and does not demonstrate special circumstances, given that plaintiffs' expert has provided an affirmation confirming that testing of plaintiff complied with the protocols described in the peer-reviewed articles disclosed (see People v Wesley, 83 NY2d 417, 425 [1994]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023