M.A. v Spring (2024 NY Slip Op 01610)

M.A. v Spring

2024 NY Slip Op 01610

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 30126/18 Appeal No. 1906 Case No. 2023-02552 

[*1]M.A., etc., et al., Plaintiffs-Respondents,
v
Robert B. Spring et al., Defendants-Appellants.

Wood Smith Henning & Berman LLP, New York (Bolam Kim of counsel), for appellants.
The Frankel Law Firm, New York (Reuven S. Frankel of counsel), for respondents.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on May 15, 2023, which, to the extent appealed from, denied defendants' motion pursuant to CPLR 2304 to quash plaintiff's subpoena to take a nonparty witness deposition of Catherine O'Brien, unanimously modified, the motion granted on the condition that defendants remove O'Brien's designation as a potential trial witness, and otherwise affirmed, without costs.
Defendants' psychologist, David Masur, Ph.D. generated a report based on a neuropsychological evaluation of the infant plaintiff. Catherine O'Brien, a doctoral student under Dr. Masur's supervision, administered the tests as his psychometrist. Defendants identified Dr. Masur as their expert witness at trial. Five days later, plaintiffs served a subpoena on O'Brien to appear for a deposition to provide testimony related to the tests she administered to the infant plaintiff. Defendants served a witness disclosure reserving their right to call O'Brien as a witness to provide testimony for same.
While CPLR 3101(a) permits "full disclosure of all matter material and necessary in the prosecution or defense of an action," CPLR 3101(d)(1)(iii) limits disclosure concerning expected expert testimony by requiring a party to obtain a court order upon a showing of special circumstances (see Almonte v Consolidated Edison Co. of N.Y., Inc., 217 AD3d 402, 403 [1st Dept 2023]).
Contrary to defendants' contentions, the protections of CPLR 3101(d)(1)(iii) do not extend to O'Brien's expected trial testimony because she is not an expert witness, a fact acknowledged by defendants. The motion court properly found that plaintiffs had demonstrated that the requested disclosure is "material and necessary" to their case (see Kapon v Koch, 23 NY3d 32, 36 [2014]). The subpoena sought to depose O'Brien concerning the tests she administered, the results of which were analyzed and interpreted by Dr. Masur in forming his expert opinion. This information undermines defendants' contention that the information sought is "utterly irrelevant" (see id. at 38-39). Indeed, their argument that O'Brien does not possess any relevant information is plainly contradicted by the fact that defendants identified her as a potential trial witness. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024