Brownyard v County of Suffolk (2025 NY Slip Op 07273)

Brownyard v County of Suffolk

2025 NY Slip Op 07273

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-01584
2022-06783
 (Index No. 1596/15)

[*1]Bruce Brownyard, et al., respondents,
vCounty of Suffolk, et al., appellants.

Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY (Joseph E. Macy, Robert A. Carruba, and Daniel J. Evers of counsel), for appellants.
Pillsbury Winthrop Shaw Pittman LLP, New York, NY (James M. Catterson, Brianna Walsh, and Danielle Stefanucci of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated November 20, 2019, and (2) an order of the same court dated January 31, 2022. The order dated November 20, 2019, insofar as appealed from, in effect, denied that branch of the defendants' motion which was to appoint a referee to supervise all disclosure. The order dated January 31, 2022, insofar as appealed from, denied that branch of the defendants' motion which was to compel the plaintiffs to bear the cost of electronic discovery and, sua sponte, directed the defendant County of Suffolk, within 60 days, to have available for use a system to search and retrieve electronically stored information and, within 120 days, to begin producing documents and a privilege log every two weeks until discovery is complete.
ORDERED that the order dated November 20, 2019, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated January 31, 2022, as, sua sponte, directed the defendant County of Suffolk, within 60 days, to have available for use a system to search and retrieve electronically stored information and, within 120 days, to begin producing documents and a privilege log every two weeks until discovery is complete is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated January 31, 2022, is modified, on the law and in the exercise of discretion, by deleting the provision thereof, sua sponte, directing the defendant County of Suffolk, within 60 days, to have available for use a system to search and retrieve electronically stored information and, within 120 days, to begin producing documents and a privilege log every two weeks until discovery is complete; as so modified, the order dated January 31, 2022, is affirmed insofar as appealed from, without costs or disbursements.
In this action, the plaintiffs alleged, inter alia, that the defendants, County of Suffolk [*2]and Southwest Sewer District No. 3, exceeded their authority in retaining certain real property tax revenue. In January 2019, the plaintiffs served their first notice for discovery and inspection of certain documents, including electronically stored information. The defendants moved for a protective order and to appoint a referee to supervise all disclosure. In an order dated November 20, 2019, the Supreme Court, inter alia, in effect, denied that branch of the defendants' motion which was to appoint a referee to supervise disclosure. In March 2021, the defendants moved, among other things, to compel the plaintiffs to bear the cost of electronic discovery. In an order dated January 31, 2022, the court, inter alia, denied that branch of the defendants' motion which was to compel the plaintiffs to bear the cost of electronic discovery and, sua sponte, directed the County, within 60 days, to have available for use a system to search and retrieve electronically stored information and, within 120 days, to begin producing documents and a privilege log every two weeks until discovery is complete. The defendants appeal.
"Pursuant to CPLR 3101(a), '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action'" (Smith-Percival v MTA Bus Co., 232 AD3d 928, 929). "'The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court'" (id., quoting 101CO, LLC v Sand Land Corp., 189 AD3d 942, 944). "A court may grant relief not specifically requested in the notice of motion, pursuant to a general prayer for relief contained in the notice of motion, if the relief 'is warranted by the facts plainly appearing on the papers on both sides,' and 'if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party'" (Robert v Azoulay Realty Corp., 209 AD3d 781, 784-785, quoting Frankel v Stavsky, 40 AD3d 918, 918-919).
Here, the Supreme Court improvidently exercised its discretion in, sua sponte, directing the County, within 60 days, to have available for use a system to search and retrieve electronically stored information and, within 120 days, to begin producing documents and a privilege log every two weeks until discovery is complete (see Almonte v Consolidated Edison Co. of N.Y., Inc., 217 AD3d 402, 403). However, the court providently exercised its discretion by, in effect, denying that branch of the defendants' motion which was to appoint a referee to supervise all disclosure (see Popovetsky v AAMCO Transmissions, 292 AD2d 435, 436).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court